# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE, | : |
| | : Civil Action No. 17-13105 (BRM)(DEA) |
| Plaintiff, | : |
| | : |
| v. | : MEMORANDUM & ORDER |
| | : |
| LAW OFFICES OF ROBERT A. SCHUERGER CO., *et al.*, | : |
| | : |
| Defendant. | : |

This matter comes before the Court on a motion by Plaintiff to proceed anonymously in this matter. Defendants have opposed the motion. The Court considers the matter without oral argument pursuant to Local Civil Rule 78.1. Having carefully considered the submissions of the parties, and for the reasons set forth below, Plaintiff's motion to proceed anonymously is denied.

## I.     BACKGROUND

Plaintiff filed his Complaint on November 2, 2017 in the Superior Court of New Jersey, Middlesex County, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendants removed the matter to this Court shortly thereafter. The Complaint alleges that Plaintiff is the victim of inaccurate, misleading, and false information on his consumer credit file. Specifically, Plaintiff alleges that although he has paid all outstanding balances on his student loans, his university erroneously reported to two credit reporting agencies (Defendants Equifax and Trans Union) that Plaintiff had defaulted on one of his student loans. Plaintiff alleges that Equifax and Trans Union failed to timely respond to his requests to correct his credit report.

The Complaint further alleges that in March 2017, Plaintiff received a letter from the law offices of Robert A. Schuerger requesting that he contact them about "consolidating his federal student loans." Compl. ¶ 17. The subject line of the letter referenced an account with a balance owed of $6,042.98. Plaintiff demanded proof of the alleged past due balance but, according to Plaintiff, proper written verification was not provided. This litigation followed.

Plaintiff moves to proceed in this matter anonymously. Plaintiff contends that, as "a respected member of a local community and a highly credentialed attorney", disclosure of his identity in connection with allegations that he defaulted on financial obligations will likely result in "significant embarrassment, humiliation and ridicule." ECF No. 18-1 at 5, 12. Plaintiff argues that he should be allowed to proceed anonymously "so he can be spared from the public shaming and embarrassment of being a deadbeat individual who neglected and/or failed to meet his financial obligations … because it would impugn plaintiff's professional credibility, and his fitness to serve the public." ECF No. 18-1 at 24-25. Defendants oppose Plaintiff's motion, arguing that Plaintiff has not shown a reasonable fear of severe harm and, even if he were able to make that showing, the applicable balancing test weighs against permitting Plaintiff to proceed anonymously.

## II. DISCUSSION

It has been long recognized that "one of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829)). As such, under Federal Rule of Civil Procedure 10, parties to a lawsuit are required to identify themselves by name in their respective pleadings. Fed R. Civ. P. 10(a); *Megless*, 654 F.3d at 408 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). This Rule is illustrative of "the principle that judicial

proceedings, civil as well as criminal, are to be conducted in public." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). The Third Circuit has noted that identification of parties to a lawsuit "is an important dimension of publicness," as "[t]he people have a right to know who is using their courts." *Id.* (quoting *Blue Cross*, 112 F.3d at 872). Allowing a litigant to proceed under a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000)).

The Federal Rules of Civil Procedure make no provision for pseudonymous litigation. Nevertheless, while recognizing that one of the essential qualities of a court of law is that its proceedings should be public, the Third Circuit has acknowledged that exceptional circumstances may justify allowing a litigant to proceed anonymously. *Id.* Examples of matters in which courts have found such exceptional circumstances include those involving victims of child pornography, *Doe v. Oshrin*, 299 F.R.D. 100 (D.N.J. 2014), as well as "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality," *Megless*, 654 F.3d at 408.

Importantly, "[t]hat a plaintiff may suffer embarrassment or economic harm is not enough." *Id.* Rather, a plaintiff must show "both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)). "When a litigant sufficiently alleges that he or she has a reasonable fear of severe harm from litigating without a pseudonym, courts of appeals are in agreement that district courts should balance a plaintiff's interest and fear against the public's strong interest in an open litigation process." *Id.* The Third Circuit has adopted a non-exhaustive set of nine factors to guide courts in doing so:

3

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; [ ] (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives ....[ (7) ] the universal level of public interest in access to the identities of litigants; [ (8) ] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [ (9) ] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 409.

In the present case, at the threshold, the Court finds that Plaintiff has not adequately alleged a reasonable fear of severe harm. The allegation in this case that Plaintiff contends will cause him harm is that Plaintiff may have defaulted on a loan--an allegation which Plaintiff disputes. Plaintiff maintains that if he proceeds in this matter using his own name, he will face embarrassment, humiliation and the potential loss of professional standing. The Third Circuit, however, is clear that neither embarrassment nor economic harm is sufficient to outweigh the presumption that this Court's proceedings are to be public. Furthermore, the Court finds that, to the extent that Plaintiff fears "severe harm" will result if he is unable to proceed anonymously, such a fear is unreasonable, as he has not identified any potential harm that is sufficiently severe.

Plaintiff relies heavily on *Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006), a matter in which a plaintiff alleging a severe mental illness was permitted to proceed anonymously. In *Hartford Life*, the plaintiff claimed that being forced to litigate under his real name would stigmatize him in the community, cause him to suffer tremendous anxiety, potentially worsen his medical condition and potentially ruin any prospects of his returning to

4

work as an attorney in the future. Because *Hartford Life* involved an individual's severe mental health condition, the privacy interests at issue, as well as the potential for harm, were far more substantial than exist in the present case. *Hartford Life* does not persuade the Court that Plaintiff should proceed under a pseudonym here.

### III. CONCLUSION AND ORDER

The Court having considered the matter without oral argument submitted pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, and for the reasons set forth above;

IT IS on this 6th day of September, 2018,

ORDERED that Plaintiff's Motion for leave to proceed anonymously is DENIED; and it is further

ORDERED that Plaintiff is directed to file an Amended Complaint in his own name no later than 7 days from the date this Order is filed.

                                                                            s/ Douglas E. Arpert
                                                          DOUGLAS E. ARPERT
                                                          United States Magistrate Judge